# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT LEE CHILDRESS, JR.,

        Petitioner,               Case Number: 2:13-CV-12260

v.                                      HON. LAWRENCE P. ZATKOFF

GARRY BINIECKI,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

The petitioner Robert Childress is currently incarcerated at the Sanilac County Jail in Sandusky, Michigan, where he is apparently awaiting transit to a federal facility to complete a sentence imposed upon the revocation of his supervised release. The petitioner has filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, claiming that his sentence violates the Double Jeopardy Clause and the district court lacked jurisdiction over his revocation proceedings. For the reasons which follow, the petition will be dismissed.

## I.

Petitioner pleaded guilty before the Honorable George Caram Steeh of making false statements in violation of 18 U.S.C. § 1014. On June 13, 2002, he was sentenced to 11 months in prison, to be followed by five years' supervised release. On September 30, 2010, the district court held a hearing on allegations that Petitioner violated his terms of supervised release related to his convictions for crimes in two Michigan counties while on supervised release. For those state court convictions, he received concurrent terms of imprisonment of 4-1/2 to 30 years in prison. The district court sentenced Petitioner to three years in prison, to run consecutively to his state sentences.

Petitioner filed a notice of appeal in the court of appeals raising several sentencing claims. The court of appeals affirmed Childress's sentence. *United States v. Childress, Jr.,* No. 10-2307 (6th Cir. Feb. 8, 2012).

On December 30, 2009, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence in the trial court. The district court denied the motion. *United States v. Childress*, No. 2:00-cr-80466 (E.D. Mich. June 30, 2010). The district court also denied Petitioner's motion for a certificate of appealability. *Id.* (Aug. 31, 2010). Petitioner then filed a request for a certificate of appealability in the Sixth Circuit Court of Appeals. The Court of Appeals denied the request. *Childress v. U.S.*, No.10-1905 (6th Cir. Dec. 23, 2010).

Petitioner recently filed another motion to vacate his sentence under 28 U.S.C. § 2255, challenging his sentence, claiming that it must run concurrently with his state sentence. That motion remains pending before Judge Steeh.

The petitioner has now filed the pending § 2241 petition, arguing that the district court lacked jurisdiction over the revocation proceedings and his sentence violated the Double Jeopardy Clause because it was imposed to run consecutively to his state sentence.

II.

A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily

any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions filed under § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

B.

A habeas petitioner who seeks to challenge a federal conviction or sentence should file a motion to vacate sentence in the sentencing court under 28 U.S.C. § 2255. *Charles v. Chandler*, 180 F.3d 755, 756-57 (6th Cir. 1999). A petitioner seeking to challenge the execution or manner in which a sentence is served should file such claims in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Id.* While § 2255 is typically the exclusive avenue for federal prisoners to collaterally attack their convictions or sentences, the section includes a "savings clause" that permits a prisoner to petition for relief under § 2241 upon a showing that relief under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

The circumstances under which § 2255 might be deemed "inadequate" are narrow, as the "liberal allowance" of the writ under § 2241 would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by 28 U.S.C. § 2244. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Section 2255 is not considered inadequate simply because §2255 relief already has been denied, or because a procedural bar precludes relief under § 2255, or because permission to file a second or successive motion under § 2255 has been denied. *Charles*, 180 F.3d at 756. The petitioner bears the burden of showing that a § 2255 remedy is inadequate. *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The Sixth Circuit Court of Appeals has held that § 2255's savings clause "may only be applied when the petitioner makes a claim of actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). To establish actual innocence, the

3

petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner makes no claim of actual innocence in his petition.

The petition challenges the imposition of Petitioner's sentence. Petitioner has not shown that his remedy under § 2255 is inadequate. In fact, Petitioner filed a § 2255 motion raising essentially the same claims raised in this petition. The motion, to which a responsive pleading was only recently filed, remains pending before Judge Steeh. The petition is not properly filed under § 2241 and will be dismissed.

### III.

The Court concludes that it plainly appears from the face of the petition that the petitioner is not entitled to habeas corpus relief pursuant to 28 U.S.C. § 2241, because the petition is not properly filed under § 2241. Accordingly, the Court **DISMISSES** the petition for a writ of habeas corpus.

                                                    S/Lawrence P. Zatkoff
                                                    LAWRENCE P. ZATKOFF
                                                    United States District Judge

DATED: June 19, 2013